## Harris, et al. v. Caperton, et al.
## Harris, et al. v. Harris, et al.

(Decided December 6, 1910.)

## Appeal from Madison Circuit Court.

1. Appeals—Infant Plaintiff—Extension of Time.—No provision is made for extending the time within which an appeal may be prosecuted by an infant who is plaintiff in the action.

2. -Passway—Action to Recover—Sufficiency of the Allegations—Absence of Contract.—In an action against a vendor for a passway not acquired by contract, by one who is "bottled up" by adjoining lands, to recover damages, where it is not charged that the passway was not acquired by contract, Held, in the absence of an allegation that the vendor agreed to give a passway over his remaining land to the public road, he cannot be charged to have contemplated that his sale carried with it the right to such passway, unless the land sold by him is entirely cut off from the public road, and he has no outlet except over his vendor's remaining land.

GRANT E. LILLY for appellants.

A. R. BURNAM & SON for appellees.

OPINION OF THE COURT BY JUDGE LASSING—Dismissing appeal.

An action was instituted in the Madison Circuit Court by the widow and infant children of William Harris. deceased, suing by their mother as natural guardian and next friend, to settle the estate of her husband and sell two small tracts of land. By an amended pleading they sought to obtain a passway to one of said tracts of land over the land of J. W. Caperton. The petition alleged that the plaintiffs were entitled to the passway under a contract made with John D. Harris, from whom the tract of land had been purchased, and further, that they had acquired title to said passway by an adverse user for more than thirty years. A final judgment adverse to plaintiffs' claim was rendered in this case on the twenty-third day of October, 1905.

In January, 1910, the widow and heirs-at-law of said William Harris instituted another action in the Madison circuit court, wherein they sought to recover of the estate of John D. Harris $143 damages, which they alleged they had sustained by reason of his failure to

furnish them a passway to a two-acre tract of land which William Harris, deceased, had bought from him in 1874. The petition alleged that a title bond had been executed to William Harris for this two-acre tract and same had been lost; that at the time of its purchase the said John D. Harris owned adjoining lands over which they could reach the county road, and that thereafter Harris sold said adjoining lands to J. W. Caperton, and that they have no outlet, but their two acre tract is surrounded by the lands of other people; that they instituted a suit in the Madison county court to condemn a passway over the lands of said Caperton, and that the viewers appointed for that purpose reported in favor of a passway, and assessed the damages for the land taken and necessary fencing required at $103; and that in this proceeding they were put to an expense of $40. They prayed judgment against the estate of John D. Harris for $143.

A demurrer was sustained to this petition, with leave to amend. Plaintiffs filed an amendment in which they claimed they had been damaged to the extent of $300, growing out of the inconvenience suffered by not being permitted to pass over Caperton's land to their home. A demurrer was sustained to the petition as amended, and, plaintiffs declining to plead further, the petition was dismissed with judgment for costs. From that judgment an appeal was prosecuted to this court; and an appeal was likewise sued out in this court from the judgment rendered in the old case on October 23, 1905. After the appeals were taken a motion was made by the plaintiffs that the two cases be consolidated and heard together. Defendants objected to said motion and the hearing thereof was passed until the cases were disposed of on their merits. Defendant also moved that the appeal from the judgment rendered October 23, 1905, be dismissed because not prosecuted in time.

Section 745 of the Code of Practice, which defines the limitation of the right of a litigant to appeal, provides that:

"An appeal shall not be granted except within two years next after the right to appeal first accrued, unless the party applying therefor was then a defendant in the action, and an infant not under coverture; or of unsound mind; or a prisoner who did not appear by his attorney, in which cases an appeal may be granted to such parties, or their representatives, within one year

next after their deaths or the removal of their disabilities, whichever may first happen.''

It is contended by counsel for appellant that, as two of the children of William Harris were infants without statutory guardian when the judgment was rendered, they have a right to prosecute their appeal at any time during their minority and within one year after the expiration thereof. If they have such right it is by virtue of some statutory provision. We are cited to no authority for this contention, and section 745, above quoted, clearly confers no such right, for the saving clause in favor of an infant litigant, extending the time within which the appeal may be prosecuted, applies only to an infant who is a defendant in the action. No provision is made for extending the time within which the appeal may be prosecuted by an infant who is a plaintiff in the action. Both of the infants in the case under consideration were plaintiffs and sued by their mother as next friend. Having failed to prosecute the appeal within the time fixed by statute, and not being excepted from the operation thereof by any saving clause, the motion of appellee to dismiss this appeal because not prosecuted in time must be sustained.

Since the appeal in the older case is dismissed, it becomes unnecessary to pass upon the right of appellants to have the cases consolidated. This leaves for our consideration the correctness of the ruling of the trial judge in sustaining a demurrer to the petition as amended in the case of Sarah Harris, et al. v. John D. Harris, et al.

In this suit the plaintiffs sought to recover of the estate of John D. Harris certain monies, the estimated damage which they had sustained by reason of his having sold to William Harris, deceased, a small tract of land which had no outlet and because of which they were compelled to force an outlet through the lands of J. W. Caperton at an expense of $143, it being their theory that the grant to William Harris carried with it the right to a passway over his other lands. It is not charged that the passway was acquired by contract, but merely that it passed to William Harris by implication or of necessity. The petition fails to show that, at the time of the sale by John D. Harris to William Harris, there was no other outlet to said two acre tract of land except over the land of John D. Harris; nor does it show when John D. Harris sold the remainder of his land to Caperton, or when plaintiffs were cut off from the public road,

or bottled up, as it were. In the absence of an allegation that a vendor agrees to give a passway over his remaining land to the public road, he cannot be charged to have contemplated that his sale carried with it the right to such passway, unless the land sold by him is entirely cut off from the public road and has no outlet thereto except over his remaining land. These are necessary allegations to support the claim of right to a passway as a matter of necessity, and the allegations of the petition being insufficient to show or establish such right in the plaintiffs, the court correctly held the petition bad on demurrer.

The defects in the original petition were in no wise cured by the amendment, for it merely set up claim to increased damages without stating facts to support it. The evident purpose of this amendment was to give this court jurisdiction, for the items of damage sustained by plaintiffs and for which they sought to hold the estate of John D. Harris liable were fully set out in the original petition, and the additional claim for damage, if it be considered such, as set out in the amended petition, is against J. W. Caperton, the present owner of the land, and not the estate of John D. Harris. Consequently any inconvenience or embarrassment suffered by plaintiffs by being denied the right to travel over the Caperton land is properly chargeable, not to the estate of John D. Harris, but to Caperton, and any action for damages must be prosecuted against him and not the Harris estate.

The amendment not having cured the defects in the original petition, the demurrer to the petition as amended was properly sustained, and the judgment of the lower court in the case of Sarah Harris. et al. v. John D. Harris, et al., is affirmed.